**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **DORIAN BRYANT,** | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | **No. 1:25-CV-00321-ADA** |
| | § | |
| **KARINE JEAN PIERRE,** | § | |
| *Defendant* | § | |

## ORDER AND REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE ALAN D. ALBRIGHT
      UNITED STATES DISTRICT JUDGE

The undersigned submits this report and recommendation to the United States District Judge pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the Court is Plaintiff Dorian Bryant's Application to Proceed *In Forma Pauperis*. Dkt. 2. Because Bryant is requesting permission to proceed *in forma pauperis*, the undersigned must review and make a recommendation on the merits of her claims pursuant to 28 U.S.C. § 1915(e).

### I.    REQUEST TO PROCEED *IN FORMA PAUPERIS*

The Court has reviewed Bryant's financial affidavit and determined Bryant is indigent and should be granted leave to proceed *in forma pauperis*. Accordingly, the Court hereby **GRANTS** Bryant's request for *in forma pauperis* status, Dkt. 2. The Clerk of the Court shall file the complaint without payment of fees or costs or giving

security therefor pursuant to 28 U.S.C. § 1915(a). This indigent status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Bryant is further advised that, although she has been granted leave to proceed *in forma pauperis,* a court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald,* 30 F.3d 616, 621 (5th Cir. 1994).

As stated below, the undersigned has made a § 1915(e) review of the claims made in this complaint and is recommending Bryant's claims be dismissed under 28 U.S.C. § 1915(e). Therefore, service upon Defendant should be withheld pending the District Judge's review of the recommendations made in this report. If the District Judge declines to adopt the recommendations, then service should be issued at that time upon Defendant.

## II.    REVIEW OF THE MERITS OF THE CLAIM

Because Bryant has been granted leave to proceed *in forma pauperis,* the undersigned is required by statute to review the Complaint. Section 1915(e)(2) provides in relevant part that "the court shall dismiss the case at any time if the court determines that … the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989); *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997). A

claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327.

Pro se complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, pro se status does not offer a plaintiff an "impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

Bryant brings this lawsuit against defendant Karine Jean Pierre, former press secretary to President Biden. Dkt. 1, at 2. Bryant alleges that her rights under the "Constitution," "Bill of Rights," and "Freedom of Press" were violated when she was raped by an unidentified individual, "talked about on every platform," and "fired from jobs." *Id.* at 5. Bryant requests $100 million in damages as "security for [her] children's future." *Id.* at 4-5. The only apparent connection between Bryant's claims and Pierre is that Bryant claims she was "in all of Karine Jean Pierre's press secretary briefings to the White House." *Id.* at 6.

Because Bryant has failed to allege any facts connecting her injuries to any conduct by Pierre, she lacks standing to bring her claim. *See Lujan v. Dept. of Wildlife*, 504 U.S. 555, 560-61 (1992) (noting that "there must be a causal connection between the injury and the conduct complained of—the injury has to be 'fairly ... trace[able] to the challenged action of the defendant, and not ... th[e] result [of] the independent action of some third party not before the court'" (quoting *Simon v. Eastern Ky. Welfare Rights Org.*, 426 U.S. 26, 41-42 (1976))); *see also Denning v. Bond Pharmacy, Inc.*, 50

F.4th 445, 451 (5th Cir. 2022) ("To establish standing, '[t]he plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision.'" (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016))). The undersigned thus recommends that the District Judge dismiss Bryant's claims for lack of standing.

### III.    ORDER AND RECOMMENDATION

The undersigned hereby **GRANTS** Bryant's Application to Proceed *In Forma Pauperis*. Dkt. 2. The undersigned **RECOMMENDS** that the District Judge **DISMISS** Bryant's cause of action with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

The referral of this case to the Magistrate Judge should now be canceled.

### IV.    WARNINGS

The parties may file objections to this report and recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Judge need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after the party is served with a copy of the report shall bar that party from *de novo* review by the District Judge of the proposed findings and recommendations in the report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District

5

Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985);

*Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED March 28, 2025.

_____
DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE